IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:05-CR-152 ALM |
| | § | |
| JOHN ALLEN ELLINGWOOD, JR. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on January 29, 2018, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by Chris Eason.

On May 24, 2006, Defendant was sentenced by the Honorable Richard A. Schell, United States District Judge, to a sentence of one hundred eighty (180) months imprisonment followed by a five (5) year term of supervised release for the offense of Felon in Possession of a Firearm. On December 7, 2016, Defendant was resentenced by the Honorable Richard A. Schell to a sentence of ninety-six (96) months imprisonment followed by a three (3) year term of supervised release. Defendant over-served his ninety-six (96) imprisonment sentence by 606 days, which will be credited to any other term of imprisonment received in this case. Defendant began his term of supervision on December 9, 2016. This case was transferred to the Honorable Amos L. Mazzant, United States District Judge, on November 8, 2017.

On November 13, 2017, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 36). The Petition asserts that Defendant

violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant must not unlawfully possess a controlled substance; (3) Defendant must refrain from any unlawful use of a controlled substance; (4) Defendant must live at a place approved by the probation officer. If Defendant planned to change where Defendant lives or anything about Defendant's living arrangement (such as the people Defendant live with), Defendant must notify the probation officer at least ten days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within seventy-two hours of becoming aware of a change or expected change; (5) Defendant must not knowingly leave the federal judicial district where Defendant is authorized to reside without first getting permission of the court or probation officer; and (6) Defendant must notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

The Petition alleges that Defendant committed the following violations: (1) On September 23, 2017, Defendant was arrested by officers with the Corinth Police Department for the offenses of Possession of a Controlled Substance and Possession of Marijuana. Records indicate on September 25, 2017, Defendant was released on $2,500.00 bond, for the Possession of Methamphetamine charge; and a $1,000.00 bond for the Possession of Marijuana charge by AA-Best Bail Bonds. As of the writing of the Petition, the charges are pending in Denton County, Texas; (2) On September 13, 2017, Defendant submitted a urine sample that tested positive for methamphetamine. Defendant admitted to said use; (3) On August 4, 2017, a home visit was attempted at Defendant's reported residence. Defendant's sister who also lives at the residence reported she had not seen Defendant for about a week. Defendant was later contacted and admitted to the U.S. Probation Officer that Defendant moved from his sister's residence without permission

to a residence located outside the approved federal judicial district. Additionally, on September 13, 2017, Defendant reported to the probation office that Defendant was residing at 8783 Lamar Street, in Sanger, Texas. On September 26, 2017, the probation officer attempted a home visit at Defendant's reported address. Collateral contact was made with the owner of the house, who stated that it had been over a week since she had seen Defendant and understands that Defendant was arrested and later released from jail. The home owner stated that she had not had contact with Defendant, did not know where Defendant would be staying, and he was not welcome back at her house. As of the writing of the Petition, Defendant's whereabouts are unknown; and (4) Defendant did not notify the probation office of his arrest on September 23, 2017, within seventy-two hours.

At the hearing, Defendant entered a plea of true to Allegation Three. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the January 29, 2018, hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-two (22) months, with a term of one (1) year supervised release to follow, to run consecutively to any other sentence being served. Defendant should be given credit for time over-served in the Bureau of Prisons.

**SIGNED this 30th day of January, 2018.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE