IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:05-CR-152 ALM |
| | § | |
| JOHN ALLEN ELLINGWOOD, JR | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on July 30, 2018, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Tom Gibson.

On May 24, 2006, Defendant was sentenced by the Honorable Richard A. Schell, United States District Judge, to a sentence of one hundred eighty (180) months imprisonment followed by a five (5) year term of supervised release for the offense of Felon in Possession of a Firearm. On December 7, 2016, Defendant was re-sentenced by the Honorable Richard A. Schell to a sentence of ninety-six (96) months imprisonment followed by a three (3) year term of supervised release. Defendant over-served his ninety-six (96) imprisonment sentence by 606 days, which were credited to any other term of imprisonment received in this case. Defendant began his term of supervision on December 9, 2016. This case was transferred to the Honorable Amos L. Mazzant, III, United States District Judge, on November 8, 2017. On February 1, 2018, the original term of supervised release was revoked. Defendant was sentenced to twenty-two (22) months imprisonment, followed by a one (1) year term of supervised release. On February 9, 2018, Defendant began his second term of

1

supervised release. Defendant has fifteen (15) days of over-served credit in this case and such time will be credited to any future sentence he received under this docket number.

On June 25, 2018, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 53).  The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant must refrain from any unlawful use of a controlled substance; (2) After initially reporting to the probation officer, Defendant received instructions from the court or the probation officer about how and when Defendant must report to the probation officer, and Defendant must report to the probation officer as instructed; (3) Defendant must live at a place approved by the probation officer. If Defendant planned to change where Defendant lives or any about Defendant's living arrangements (such as the people Defendant live with), Defendant must notify the probation officer at least ten (10) days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within seventy-two (72) hours of becoming aware of a change or expected change; (4) Defendant must work full time (at least thirty hours per week) at a lawful type of employment, unless the probation officer excuses Defendant from doing so. If Defendant does not have full-time employment, Defendant must try to find full-time employment, unless the probation officer excused Defendant from doing so. If Defendant plans to change where Defendant works or anything about Defendant's work (such as position or job responsibilities), Defendant must notify the probation officer at least ten (10) days before the change. If notifying the probation officer at least ten (10) days in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within seventy-two (72) hours of becoming aware of a change or expected change; (5) Defendant must participate in a program of testing and treatment for

drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise participation in the program. Defendant must pay any cost associated with treatment and testing; (6) Defendant must follow the instructions of the probation officer related to the conditions of supervision; and (7) Defendant must not communicate or interact with someone Defendant knows is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, Defendant must not knowingly communicate or interact with that person without first getting permission of the probation officer.

The Petition alleges that Defendant committed the following violations: (1) During an employment visit conducted on April 3, 2018, Defendant, verbally and in writing, admitted to consuming marijuana. Defendant was unable to provide a urine specimen, but admitted he consumed marijuana two days prior to the visit. During a home visit conducted on May 7, 2018, Defendant submitted a positive urine specimen for methamphetamine. Defendant provided a written and verbal admission of said use; (2) Defendant failed to report for a scheduled office visit on February 27, April 25, and May 4, 2018. Additionally, Defendant had not submitted any monthly supervision reports since the inception of the term of supervised release despite being instructed to submit a report by the 5th of each month: (3) Upon commencing supervision, Defendant advised he was living at a Motel 6 in Denton, Texas. On March 28, 2018, a field visit to that location revealed Defendant was no longer living there as of February 14, 2018. Defendant did not call to notify of the change in residence. During an employment visit conducted on April 3, 2018, Defendant advised he had relocated to 608 Marshall St., in Sanger, Texas. Several attempts were made to contact him there to no avail. Almost one month later, on May 1, 2018, during a telephone call, Defendant advised he had relocated to 134 Hudgens, in Krum, Texas. Defendant did not notify of the change in a timely

manner as instructed; (4) During an employment visit conducted on April 30, 2018, it was revealed Defendant had discontinued working there two weeks prior to the visit. During a telephone call on May 1, 2018, Defendant reported he commenced a new employment and provided the information for that job. However, during an employment visit to the new job conducted on June 6, 2018, it was revealed Defendant had discontinued working there a few weeks prior to the visit. Both jobs were discontinued per his own volition and without ever advising the probation officer a change had been made; (5) On February 14, 2018, during Defendant's initial office visit, Defendant was referred to McCary Counseling Services, in Denton, Texas, to complete a substance abuse assessment and begin participation in the random urinalysis program. Although Defendant completed the assessment, Defendant never called the random urinalysis hotline as instructed. Upon being questioned about his failure to comply with the random urinalysis program, Defendant advised he was confused and had misplaced the phone number for the hotline. During a home visit conducted on May 7, 2018, Defendant was re-instructed to begin calling the hotline and given all of the necessary information. As of the writing of the Petition, Defendant had failed to report for several random urine specimen collection dates. Additionally, Defendant did not follow up with the treatment provider to commence treatment as directed; (6) Defendant failed to follow instructions of the probation officer regarding submitting monthly report forms, calling the random urinalysis hotline, and following up with the treatment provider to start substance abuse treatment. Defendant was given instructions initially on February 14, 2018, periodically during the term of supervision, and most recently, during a home visit held on May 7, 2018; and (7) Regarding both positive urine specimens, Defendant, verbally and in writing, admitted he was in the presence and associating with individuals Defendant knew were actively using illegal substances when he engaged in the non-compliant behavior noted above.

At the hearing, Defendant entered a plea of true to allegation 1. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release.

### RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the July 30, 2018, hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-one (21) months, with no supervised release to follow. Defendant should be given credit for time over-served in the Bureau of Prisons. The Court further recommends that Defendant's term of imprisonment be carried out in FCI Carswell, if appropriate.

**SIGNED this 3rd day of August, 2018.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE